1  DENNIS M. BROWN, Bar No. 126575
   dmbrown@littler.com
2  LINDA NGUYEN BOLLINGER, Bar No. 289515
   lbollinger@littler.com
3  LITTLER MENDELSON, P.C.
   50 W. San Fernando, 7th Floor
4  San Jose, CA  95113.2303
   Telephone: 408.998.4150
5  Facsimile:  408.288.5686

6  Attorneys for Defendant
   NORDSTROM, INC.
7

8               UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10                    WESTERN DIVISION

11  ASHLEY ROGERS, an individual,    Case No.  2:19-cv-10367

12           Plaintiff,

13  v.                               **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR LATE WAGE PAYMENT PENALTIES**

14  NORDSTROM, INC., a Washington
15  Corporation; and DOES 1-50,
    inclusive,

16           Defendants.             Complaint Filed: December 6, 2019
17

Defendant NORDSTROM, INC. ("Defendant"), for itself and for no other defendant, answers the Complaint in the above-captioned matter as follows:

## I.

## JURISDICTION

1. In answering Paragraph 1 of the Complaint, Defendant admits that this Court has diversity jurisdiction and that Defendant is a Washington corporation with its principal place of business in the State of Washington. As to the remaining allegations in Paragraph 1, Defendant denies each and every allegation contained therein.

## II.

## VENUE

2. In answering Paragraph 2 of the Complaint, Defendant admits that venue in this Court is proper. As to the remaining allegations in Paragraph 2, Defendant denies each and every allegation contained therein.

## III.

## PARTIES

3. In answering Paragraph 3 of the Complaint, Defendant can neither confirm nor deny that Plaintiff is, or has been, a resident of Los Angeles, California.

4. In answering Paragraph 4 of the Complaint, Defendant admits it is a Washington corporation engaged in the business of apparel retailing. As to the remaining allegations in Paragraph 4, Defendant denies each and every allegation contained therein.

5. In answering Paragraph 5 of the Complaint, Defendant alleges that no answer is required as this paragraph consists of legal argument and/or assertions.

6. In answering Paragraph 6 of the Complaint, Defendant alleges that no answer is required as this paragraph consists of legal argument and/or assertions.

## IV.

## ALLEGATIONS COMMON TO ALL COUNTS

7. In answering Paragraph 7 of the Complaint, Defendant denies each and every allegation. Defendant expressly denies employing Plaintiff as an employee in any capacity.

8. In answering Paragraph 8 of the Complaint, Defendant denies each and every allegation.

9. In answering Paragraph 9 of the Complaint, Defendant denies each and every allegation.

10. In answering Paragraph 10 of the Complaint, Defendant admits that it has previously engaged with talent agencies for the provision of modelling services. Except as expressly admitted, Defendant denies each and every remaining allegation contained therein.

11. In answering Paragraph 11 of the Complaint, Defendant denies each and every allegation.

12. In answering Paragraph 12 of the Complaint, this paragraph contains conclusions of law to which no response is required. To the extent Paragraph 12 contains allegations that require a response, Defendant denies each and every allegation contained therein.

13. In answering Paragraph 13 of the Complaint, this paragraph contains conclusions of law to which no response is required. To the extent Paragraph 13 contains allegations that require a response, Defendant denies each and every allegation contained therein.

14. In answering Paragraph 14 of the Complaint, this paragraph contains conclusions of law to which no response is required. To the extent Paragraph 14 contains allegations that require a response, Defendant denies each and every allegation contained therein.

15. In answering Paragraph 15 of the Complaint, this paragraph contains

conclusions of law to which no response is required. To the extent Paragraph 15 contains allegations that require a response, Defendant denies each and every allegation contained therein.

## V.

## COUNTS

### FIRST COUNT

16. In answering Paragraph 16 of the Complaint, Defendant incorporates by reference and re-alleges as if fully stated herein its responses to paragraphs 1 through 15.

17. In answering Paragraph 17 of the Complaint, Defendant denies each and every allegation.

18. In answering Paragraph 18 of the Complaint, Defendant denies each and every allegation.

19. In answering Paragraph 19 of the Complaint, this paragraph contains conclusions of law to which no response is required. To the extent Paragraph 19 contains allegations that require a response, Defendant denies each and every allegation contained therein.

### SECOND COUNT

20. In answering Paragraph 20 of the Complaint, Defendant incorporates by reference and re-alleges as if fully stated herein its responses to paragraphs 1 through 15.

21. In answering Paragraph 21 of the Complaint, Defendant denies each and every allegation.

22. In answering Paragraph 22 of the Complaint, Defendant denies each and every allegation.

23. In answering Paragraph 23 of the Complaint, this paragraph contains conclusions of law to which no response is required. To the extent Paragraph 23 contains allegations that require a response, Defendant denies each and every allegation

contained therein.

## THIRD COUNT

24. In answering Paragraph 24 of the Complaint, Defendant incorporates by reference and re-alleges as if fully stated herein its responses to paragraphs 1 through 15.

25. In answering Paragraph 25 of the Complaint, Defendant denies each and every allegation.

26. In answering Paragraph 26 of the Complaint, Defendant denies each and every allegation.

27. In answering Paragraph 27 of the Complaint, this paragraph contains conclusions of law to which no response is required. To the extent Paragraph 27 contains allegations that require a response, Defendant denies each and every allegation contained therein.

## FOURTH COUNT

28. In answering Paragraph 28 of the Complaint, Defendant incorporates by reference and re-alleges as if fully stated herein its responses to paragraphs 1 through 15.

29. In answering Paragraph 29 of the Complaint, Defendant denies each and every allegation.

30. In answering Paragraph 30 of the Complaint, Defendant denies each and every allegation.

31. In answering Paragraph 31 of the Complaint, this paragraph contains conclusions of law to which no response is required. To the extent Paragraph 31 contains allegations that require a response, Defendant denies each and every allegation contained therein.

## FIFTH COUNT

32. In answering Paragraph 32 of the Complaint, Defendant incorporates by reference and re-alleges as if fully stated herein its responses to

paragraphs 1 through 15.

33. In answering Paragraph 33 of the Complaint, Defendant denies each and every allegation.

34. In answering Paragraph 34 of the Complaint, Defendant denies each and every allegation.

35. In answering Paragraph 35 of the Complaint, this paragraph contains conclusions of law to which no response is required. To the extent Paragraph 35 contains allegations that require a response, Defendant denies each and every allegation contained therein.

## SIXTH COUNT

36. In answering Paragraph 36 of the Complaint, Defendant incorporates by reference and re-alleges as if fully stated herein its responses to paragraphs 1 through 15.

37. In answering Paragraph 37 of the Complaint, Defendant denies each and every allegation.

38. In answering Paragraph 38 of the Complaint, Defendant denies each and every allegation.

39. In answering Paragraph 39 of the Complaint, this paragraph contains conclusions of law to which no response is required. To the extent Paragraph 39 contains allegations that require a response, Defendant denies each and every allegation contained therein.

## SEVENTH COUNT

40. In answering Paragraph 40 of the Complaint, Defendant incorporates by reference and re-alleges as if fully stated herein its responses to paragraphs 1 through 15.

41. In answering Paragraph 41 of the Complaint, Defendant denies each and every allegation.

42. In answering Paragraph 42 of the Complaint, Defendant denies each

and every allegation.

43. In answering Paragraph 43 of the Complaint, this paragraph contains conclusions of law to which no response is required. To the extent Paragraph 43 contains allegations that require a response, Defendant denies each and every allegation contained therein.

## PRAYER FOR RELIEF

Answering Plaintiff's Prayer for Relief, including subparts for each of the seven (7) counts, Defendant alleges that no answer is required to requests for relief. However, to the extent a response is required, Defendant asserts Plaintiff is not entitled to the relief sought.

## DEMAND FOR JURY TRIAL

Answering Plaintiff's Demand for Jury Trial, Defendant alleges that no answer is required to this paragraph because no factual assertions are included.

## AFFIRMATIVE DEFENSES

Without conceding that it bears the burden of proof as to any of the following issues, and as separate and distinct affirmative defenses to Plaintiff's Complaint, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

(*Arbitration*)

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is a party to a binding arbitration agreement that requires she arbitrate her claims and the Court therefore lacks jurisdiction over this matter. Plaintiff's agency was required to obtain written agreements between Plaintiff and Defendant to submit any and all claims regarding services provided by Plaintiff to final and binding arbitration, and therefore, pursuant to the Federal Arbitration Act and/or the California Arbitration Act, this Court lacks jurisdiction as the forum for the resolution of the claims alleged in the Complaint. *See* Code Civ. Proc. § 1280 *et. seq.*; 9 U.S.C. § 1 *et seq.*

## SECOND AFFIRMATIVE DEFENSE

### (*Waiver*)

As a separate and distinct affirmative defense, Defendant alleges that all or portions of the claims of Plaintiff is barred, in whole or in part, by the doctrine of waiver. Defendant was not Plaintiff's employer and, thus, was not responsible for issuing wages to Plaintiff. Without limiting Defendant's reliance on this affirmative defense, to the extent that Plaintiff was not timely paid, she waived her right to timely payments in accordance with her respective agreement with her talent agency.

## THIRD AFFIRMATIVE DEFENSE

### (*Avoidable Consequences*)

As a separate and distinct affirmative defense, Defendant alleges that the Complaint is barred, or any recovery should be reduced, pursuant to the doctrine of avoidable consequences as set forth in *State Department of Health Services v. Superior Court* (*McGinnis*), 31 Cal. 4th 1026 (2003), because Defendant took reasonable steps to ensure compliance with the California Labor Code and Plaintiff unreasonably failed to use the preventative and corrective opportunities provided by her respective talent agency, and reasonable use of such opportunities would have prevented at least some, if not all, of the harm that Plaintiff allegedly suffered.

## FOURTH AFFIRMATIVE DEFENSE

### (*Bona Fide Dispute*)

As a separate and distinct affirmative defense, Defendant alleges that the Complaint fails to state a claim for penalties under the California Labor Code in that (1) there was a *bona fide*, good faith dispute as to Defendant's obligations, if any, under any applicable Labor Code provisions, including, without limitation, Labor Code section 203, and (2) Defendant did not willfully violate any provision of the Labor Code, including, without limitation, Labor Code section 203.

## FIFTH AFFIRMATIVE DEFENSE

### (*Good Faith*)

As a separate and distinct affirmative defense, Defendant alleges that the Complaint cannot be maintained because, without admitting that any violation took place, Defendant alleges that any violation of the California Labor Code or of a Wage Order of the Industrial Welfare Commission was an act or omission made in good faith, and that in any participation in such acts, Defendant had reasonable grounds for believing that the act or omission was not a violation of the California Labor Code or any Wage Order of the Industrial Welfare Commission.

## SIXTH AFFIRMATIVE DEFENSE

### (*Due Process*)

As a separate and affirmative defense to the Complaint, Defendant alleges that the imposition of replicating penalties, as applied to the alleged facts and circumstances of this case, would violate Defendant's due process rights under the Fourteenth Amendment of the United States Constitution and under the Constitution and laws of the State of California. *Lockyer v. R.J. Reynolds Tobacco Co.*, 37 Cal. 4th 707 (2005); *Ratner v. Chemical Bank New York Trust Co.*, 54 F.R.D. 412 (S.D.N.Y. 1972).

## ADDITIONAL AFFIRMATIVE AND OTHER DEFENSES

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether there may be additional, as yet unstated, defenses and reserves the right to assert additional defenses or affirmative defenses in the event discovery indicates such defenses are appropriate.

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1. For an order dismissing Plaintiff's claims with prejudice, and entering judgment in favor of Defendant and against Plaintiff;
2. That Plaintiff takes nothing against Defendant by way of her Complaint;
3. Defendant be awarded its costs of suit and attorney's fees incurred herein; and

4. For such other and further relief as the Court in its discretion deems just and proper.

Dated: December 27, 2020

/s/ *Linda N. Bollinger*
DENNIS M. BROWN
LINDA N. BOLLINGER
LITTLER MENDELSON, P.C.
Attorneys for Defendant
NORDSTROM, INC.

4818-1983-7871.1 058713.1106